On the trial one Leach, whose name was subscribed to the bond as attesting witness, swore that the plaintiff had put in his hands a list of articles purchased by Winningham, one of the defendants, at plaintiff's sale as administrator, with a request that he would procure Winningham's note with security for the amount; that for that purpose he applied to Winningham at Ashborough, in Randolph County, who soon afterwards brought to him the bond in question, signed and sealed by Winningham, the defendant Lane, and one Swearingen. The bond was blank as to the amount, and Winningham requested witness to insert the proper amount, which he did, when Winningham acknowledged it to be his bond and requested Leach to attest it as a subscribing witness. Leach observed that he must see Lane and Swearingen, and (246) immediately stepped out into the street where Lane was standing, presented the note to him and asked, "Do you acknowledge this to be your signature?" Lane, without having the note in his hand, replied, "I do," and asked, "What is the amount?" Witness answered, "$116," whereat Lane either said something or made some motion or gesture, which witness thought was expressive of surprise that the amount was *Page 195 
so much. Witness immediately stepped to Swearengen, who was standing in the view of Lane, and who acknowledged the bond, whereupon the witness retired to his office, a few paces distant, but not in sight of either Lane or Swearengen, and wrote his name upon the bond just under the word "Attest." Witness stated that he did so without supposing there was the slightest impropriety in it; and under the impression that if the parties had been present they would not have objected to it — but that he did so without the knowledge or consent of Lane and Swearingen; and that he afterwards handed the bond to the plaintiff, who resided in the county of Guilford.
No defense was made by Winningham, who was insolvent. As against Lane, the counsel moved the court to instruct the jury: 1st, That there was no evidence of a delivery.2d, That the act of Leach in putting his name to the paper as subscribing witness vitiated and rendered the bond void in law, as there was no evidence that he did so with the knowledge or consent of Lane.
His Honor left it to the jury to say from the evidence whether the bond had been delivered as the act and deed of Lane, instructing them that to find the issue for the plaintiff they must be satisfied that after the bond was filled up it was delivered by Lane as his act and deed; that to constitute a delivery it was sufficient if, the bond being present, the obligor made use of words showing his intent that the obligee should take it as the act and deed of the obligor; — that in this case, if they were satisfied that when the bond was presented to Lane by Leach he acknowledged his signature with the intent that Leach should retain it as his, Lane's, deed and upon being told the amount did not object, then, although it was for more than he expected, if it was retained by Leach as his, Lane's act and deed, they should find that there was delivery.
On the 2d point his Honor told the jury that there was no (247) evidence that Leach had put his name on the bond with the knowledge and consent of Lane, but if they believed that his name was put there under the circumstances stated by him it did not vitiate the bond and render it void in law. The jury returned a verdict for the plaintiff, and the defendant appealed.
First: The defendant moved the court to instruct the jury that there was no evidence of a delivery of the bond declared on. The court charged that to constitute a delivery it was sufficient, if the bond being present, that the defendant made use of words showing his intention that the obligee should take it as the act and deed of the *Page 196 
obligor. That when the bond was presented to Lane, if he acknowledged his signature with the intent that Leach (the plaintiff's agent) should retain it as the defendant's deed, and upon being told the amount did not object, then, though it was for more than he expected, still if retained by Leach as the defendant's act and deed, the jury should find there was a delivery. We do not perceive any error in this part of the charge. No particular form is necessary in the delivery of a bond; the mere throwing it on the table, or any act or word from which the intention of the obligor to put the bond in the possession of the obligee may be inferred, is sufficient. Co. Lit., 36a; Hurlestone on Bonds, 8.
Secondly: The defendant contended that the act of Leach in putting his name to the paper as a subscribing witness vitiated and rendered the bond void in law — as there was no evidence he did so with the knowledge or consent of the defendant. On this point the court charged the jury that if they believed the name of Leach was put on the bond as a subscribing witness under the circumstances stated by him it did not vitiate the bond and render it void in law. We think in principle the case ofMcCrow v. Gentry, 3 Campb., 232, is very much like this. Action against the maker of a promissory note, which purported to be attested by two witnesses. One of these being called to prove it, stated (248) that he did not put his name to it in the presence of the defendant, nor was he ever called upon by the defendant to attest it; but he saw the defendant delivery it as his note of hand to the payee, and he afterwards put his name to it without the defendant's knowledge. LordEllenborough: "I cannot receive the evidence of this person as of an attesting witness to the note. He was no attesting witness, but a mere volunteer. If the other person whose name is on the note as attesting witness really was so, it can only be proved by his evidence. It appeared, however, that this person had not put his name to it exactly under the same circumstances as the other, and the defendant's acknowledgment was considered sufficient to fix him. So the plaintiff had a verdict." The defendant acknowledged to Leach (the plaintiff's agent) that it was his bond. Leach was a competent witness to prove that fact. The name of this witness having been placed on the paper, purporting to be a subscribing witness when in fact he did not put it there at the request or in the presence of the defendant, is not in our opinion such an addition or alteration of the bond as will vitiate or render it void. LordEllenborough, in the case quoted, did not consider the signature of the names of the two persons who had signed the note as if they were subscribing witnesses, such an alteration or addition as to destroy the instrument. If the witness had been dead, it is true, proof of his handwriting under such circumstances would not have been sufficient evidence to let the case go to the jury, for them to infer the due execution of the *Page 197 
bond; other evidence would have been required, as proofs of the handwriting of the obligor, his acknowledgment, or the like. Holloway v. Lawrence, 1 Hawks, 49. In the case of Talbert v. Hodson, 2 E. C. L. Rep., 91, it appears that the attesting witness to a bond wrote the attestation when the obligor was not present and without seeing the obligor execute it. The court, notwithstanding, permitted other evidence to be given of the execution by the obligor, and the obligor had a verdict and judgment. This is a strong case against the position taken by the defendant's counsel that the bond is void. The judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: S. v. Gherkin, 29 N.C. 209; Dunn v. Clements, 52 N.C. 60.
(249)